UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JANEL EARL, )<br>FKA: JANEL THEOBALD, )<br> )<br>    Plaintiff, )<br> )<br>vs. )<br> )<br>STATE FARM MUTUAL AUTOMOBILE )<br>INSURANCE COMPANY, )<br> )<br>    Defendant. ) | Cause No.  4:09-CV-206<br><br>**JURY DEMAND** |

## MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE ISSUE OF THE SUBMISSIBILITY OF PLAINTIFF'S COMPARATIVE FAULT

COMES NOW Defendant State Farm Mutual Automobile Insurance Company ("State Farm"), by and through counsel, and for its Motion for Partial Summary Judgment on the Issue of Submissibility of Plaintiff's Comparative Fault, states to the Court as follows:

1. On or about December 5, 2008, Plaintiff filed a Petition (now Complaint) for Damages in the Circuit Court of St. Charles County.  (See Plaintiff's Complaint). On February 6, 2009, Defendant removed the case to this Court.

2. In Plaintiff's Complaint, Plaintiff alleges that she sustained personal injuries in a single car automobile accident that occurred on March 5, 2006, when she was a passenger in a 2004 Hyundai that belonged to Rachel Kocher which was being driven by her then husband Bradley Theobald.  (See Plaintiff's Complaint at Paragraphs 8 and 9).

3. Plaintiff alleges she is entitled to uninsured motorist benefits as a result of the injuries she allegedly sustained in said accident which she claims was, in part, caused by the actions of an alleged unknown tortfeasor she claims qualifies as an uninsured motorist

("phantom vehicle").  (Id. at Paragraph 10). (The existence and/or contributory negligence of the "phantom vehicle" is in dispute, but is not the subject of the instant motion.)

    4.    Defendant has raised the affirmative defense that Plaintiff's damages should be reduced by her own comparative fault in that she willingly and voluntarily chose to ride as a passenger in a vehicle driven by a person known to her to be under the influence of alcohol and that she, in fact, engaged in a joint enterprise or joint venture in operating a vehicle while in an intoxicated condition.  (See Amended Answer at Affirmative Defenses at Paragraph 10).

    5.    Plaintiff has claimed that there is no right to claim comparative fault and that said issue will not be submitted to the jury.

    6.    Any ruling by the Court with respect to this issue, even if interlocutory, would be of great benefit to the parties in evaluating this case for possible resolution and in preparing for trial.

    7.    The facts in this matter, and Missouri law, clearly demonstrate that Plaintiff was comparatively at fault for her own injuries and that Defendant will be able to submit Plaintiff's comparative fault to the jury.

    8.    Defendant hereby incorporates by reference its Statement of Uncontroverted Material Fact and Memorandum in Support of Summary Judgment.

    WHEREFORE, Defendant hereby requests this Court grant it partial summary judgment on the issue of the submissiblity of Plaintiff's comparative fault and for any other and further relief as the Court deems just and proper.

*/s/ Scott C. Harper*
Scott C. Harper, #14582
BRINKER & DOYEN, L.L.P.
34 N. Meramec Avenue, 5th Floor
Clayton, MO 63105
Telephone: (314) 863-6311
Facsimile: (314) 863-8197
**Attorney for Defendant State Farm Mutual Automobile Insurance Company**

## CERTIFICATE OF SERVICE

I hereby certify that on May 4, 2010, I emailed a copy of the foregoing in Microsoft Word 2003 format and electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Jayson B. Lenox
NIEDNER, BODEUX, CARMICHAEL, HUGG, LENOX AND PASHOS, L.L.P.
131 Jefferson Street
St. Charles, MO 63301
Telephone: (636) 949-9300
Facsimile: (636) 949-3141
**Attorneys for Plaintiff**

*/s/ Scott C. Harper*